# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2013

Lyle W. Cayce
Clerk

No. 12-60774
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID E. JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-26-3

Before  SMITH, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

David E. Jones and two co-defendants were indicted on a single count of aiding and abetting the possession with intent to distribute 100 kilograms or more of marijuana.  Following a jury trial, Jones was convicted and sentenced to 87 months of imprisonment.

On appeal, Jones first argues that the district court abused its discretion by admitting testimony about his role in a prior marijuana sale.  We have set forth a two-part test to determine whether such evidence is admissible under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Rule of Evidence 404(b): the evidence must be relevant to an issue other than the defendant's character and its probative value must not be substantially outweighed by any undue prejudice. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); *see also* FED. R. EVID. 403. Because Jones's appellate arguments on this issue differ from his objections at trial, we could review for plain error. *See United States v. Green,* 324 F.3d 375, 381 (5th Cir. 2003). However, even under the normal heightened abuse of discretion standard of review, *see United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008), we conclude that the district court did not err.

Jones asserts that the probative value of this testimony was low because an intent to distribute could be inferred from other testimony and from the large quantity of marijuana involved. However, this argument fails to acknowledge that the district court found that the testimony was relevant to other issues, such as Jones's knowledge and motive. In addition, we disagree that the prior offense was so similar to the instant offense that it unduly increased the risk of prejudice. Jones also fails to address the mitigating effect of the limiting instructions given to the jury both prior to this testimony and in the final instructions. *See United States v. Taylor,* 210 F.3d 311, 318 (5th Cir. 2000). Finally, any prejudice was minimal because this testimony occupied only a small part of the trial. *See United States v. Adair,* 436 F.3d 520, 526-27 (5th Cir. 2006). In sum, Jones has not shown that the probative value of this evidence was substantially outweighed by any undue prejudice; thus, he has not shown that the district court erred, plainly or otherwise, in admitting this testimony. *See Beechum,* 582 F.2d at 914-15.

Next, Jones argues that the district court erred by denying his motion for a new trial, particularly to the extent that this motion was based on the allegedly erroneous admission of testimony about the prior marijuana sale. *See* FED. R. CRIM. P. 33(a). The denial of a motion for a new trial is reviewed for an abuse of discretion. *United States v. Piazza*, 647 F.3d 559, 564 (5th Cir. 2011).

For the reasons discussed above, the district court did not abuse its discretion by denying the motion for a new trial on this basis.

The district court also denied several motions for a judgment of acquittal; Jones argues this was error because there was insufficient evidence to prove that he had possessed any marijuana. We review the denial of a motion to acquit de novo, and we consider the evidence presented in the light most favorable to the Government to determine whether a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *United States v. Lopez-Moreno,* 420 F.3d 420, 437-438 (5th Cir. 2005). We do not evaluate the weight of the evidence or the credibility of the witnesses because these issues remain within the purview of the jury. *United States v. Delgado,* 256 F.3d 264, 273-74 (5th Cir. 2001); *United States v. Grant,* 683 F.3d 639, 642 (5th Cir. 2012).

"The offense of possession with intent to distribute requires proof of (1) possession, (2) knowledge, and (3) intent to distribute." *United States v. Vasquez,* 677 F.3d 685, 694 (5th Cir. 2012). Aiding and abetting requires proof that the substantive offense occurred and that the defendant "(1) associated with the criminal venture; (2) purposefully participated in the crime; and (3) sought by his actions for it to succeed." *United States v. Pando Franco,* 503 F.3d 389, 394 (5th Cir. 2007). Jones challenges only the possession element on appeal. However, a defendant "need not have actual or constructive possession of the drugs to be guilty of aiding and abetting possession with intent to distribute." *United States v. Williams,* 985 F.2d 749, 753 (5th Cir. 1993).

Although Jones presented testimony suggesting that he had a legitimate purpose for being at the location where the marijuana was discovered, other witnesses contradicted this testimony and implicated Jones in the offense. Based on its verdict, the jury chose to believe the Government's witnesses; we will not disturb those credibility determinations. *See Delgado,* 256 F.3d at 273-74; *Grant,* 683 F.3d at 642. In addition, the fact that laboratory testing could not identify any residue from the marijuana packaging materials on

Jones's clothing does not establish that the other evidence was insufficient. Most importantly, because Jones was indicted for aiding and abetting, no showing of actual or constructive possession was required. *See Williams,* 985 F.2d at 753. We conclude that there was sufficient evidence for a rational trier of fact to find that Jones "(1) associated with the criminal venture; (2) purposefully participated in the crime; and (3) sought by his actions for it to succeed." *Pando Franco,* 503 F.3d at 394.

Finally, Jones argues that the district court erred by failing to award him a minimal or minor participant reduction at sentencing. *See* U.S.S.G. § 3B1.2. Issues related to a defendant's sentence are reviewed for reasonableness. *United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008). "Whether [a defendant] was a minor participant is a factual determination reviewed for clear error." *United States v. McElwee,* 646 F.3d 328, 346 (5th Cir. 2011) (internal quotation marks and citation omitted). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Villanueva,* 408 F.3d 193, 203 (5th Cir. 2005). In light of the testimony about Jones's role in the offense, we conclude that the district court's denial of a mitigating role adjustment was not clearly erroneous. *See id.*

AFFIRMED.